CR 14 - 00227

BB:EAG/LK/SN
F. # 2011R01432

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

NAQUAN REYES,

           Defendant.

- - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(2)(A), 982(a)(2)(B), 1028(a)(7),
1028(b)(1)(D), 1028(b)(3)(B), 1028(b)(5),
1028(c)(3)(A), 1028A(a)(1), 1028A(b),
1028A(c)(5), 1344, 1349, 1512(a)(1)(C), 2
and 3551 et seq.; T. 21, U.S.C., § 853(p); T.
28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Bank Fraud Conspiracy)

1.    In or about and between 2008 and the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant NAQUAN REYES, together with others, did knowingly and intentionally conspire to execute a scheme and artifice to defraud one or more financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds and credits owned by and under the custody and control of such financial institution or institutions by means of materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Bank Fraud)

2. In or about and between 2008 and the present, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant NAQUAN REYES, together with others, did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud one or more financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds and credits owned by and under the custody and control of such financial institution or institutions by means of materially false and fraudulent pretenses, representations and promises.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT THREE
(Fraudulent Use of Identification – John Doe #1)

3. On or about and between May 3, 2010 and July 24, 2010, both dates being approximate and inclusive, within the Southern District of New York, the defendant NAQUAN REYES, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate commerce, a means of identification of another person, to wit: John Doe #1, an individual whose identity is known to the Grand Jury, with the intent to commit and to aid and abet an unlawful activity that constituted a violation of Federal law, to wit: the crimes charged in Counts One and Two, resulting in the obtaining of things of value aggregating $1,000 or more during a one-year period.

3

4. In connection with the offense, within the Eastern District of New York and elsewhere, the defendant NAQUAN REYES, together with others, did knowingly and intentionally commit and cause the commission of a crime of violence, to wit: the murder of Nicole Thompson.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(1)(D), 1028(b)(3)(B), 1028(c)(3)(A), 2 and 3551 et seq.)

## COUNT FOUR
(Aggravated Identity Theft – John Doe #1)

5. In or about May 2010, within the Eastern District of New York and elsewhere, the defendant NAQUAN REYES, together with others, during and in relation to the crimes charged in Counts One and Two, did knowingly and intentionally possess, transfer and use, without lawful authority, means of identification of another person, to wit: John Doe #1, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## COUNT FIVE
(Fraudulent Use of Identification – John Doe #2)

6. On or about and between July 6, 2010 and July 9, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant NAQUAN REYES, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate commerce, a means of identification of another person, to wit: John Doe #2, an individual whose identity is known to the Grand Jury, with the intent to commit and to aid and abet an unlawful activity that

constituted a violation of Federal law, to wit: the crimes charged in Counts One and Two, resulting in the obtaining of things of value aggregating $1,000 or more during a one-year period.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(1)(D), 1028(c)(3)(A), 2 and 3551 et seq.)

## COUNT SIX
(Aggravated Identity Theft – John Doe #2)

7. On or about and between July 6, 2010 and July 9, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant NAQUAN REYES, together with others, during and in relation to the crimes charged in Counts One and Two, did knowingly and intentionally possess, transfer and use, without lawful authority, means of identification of another person, to wit: John Doe #2, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## COUNT SEVEN
(Obstruction of Justice Murder)

8. On or about and between July 22, 2010 and July 24, 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant NAQUAN REYES, together with others, did knowingly and intentionally kill another person, to wit: Nicole Thompson, with intent to prevent the communication by such

5

person to a law enforcement officer of the United States of information relating to the commission and possible commission of a federal offense.

(Title 18, United States Code, Sections 1512(a)(1)(C), 2 and 3551 et seq.)

## COUNT EIGHT
(Fraudulent Use of Identification – John Doe #3)

9. On or about and between May 17, 2011 and May 23, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant NAQUAN REYES, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate commerce, a means of identification of another person, to wit: John Doe #3, an individual whose identity is known to the Grand Jury, with the intent to commit and to aid and abet an unlawful activity that constituted a violation of Federal law, to wit: the crimes charged in Counts One and Two, resulting in the obtaining of things of value aggregating $1,000 or more during a one-year period.

(Title 18, United States Code, Sections 1028(a)(7), 1028(b)(1)(D), 1028(c)(3)(A), 2 and 3551 et seq.)

## COUNT NINE
(Aggravated Identity Theft – John Doe #3)

10. On or about and between May 17, 2011 and May 23, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant NAQUAN REYES, together with others, during and in relation to the crimes charged in Counts One and Two, did knowingly and intentionally possess, transfer and

6

use, without lawful authority, means of identification of another person, to wit: John Doe #3, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND TWO

11. The United States hereby gives notice to the defendant NAQUAN REYES that, upon his conviction of either of the offenses charged in Counts One or Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

7

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(2)(A); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS THREE, FIVE AND EIGHT

13. The United States hereby gives notice to the defendant NAQUAN REYES that, upon his conviction of any of the offenses charged in Counts Three, Five or Eight, the government will seek forfeiture in accordance with Title 18, United States Code, United States Code, Sections 982(a)(2)(B) and 1028(b), which require any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, and any personal property used or intended to be used to commit such offenses.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

8

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2)(B) and 1028(b)(5); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT SEVEN

15. The United States hereby gives notice to the defendant NAQUAN REYES that, upon his conviction of the offense charged in Count Seven, the government will seek forfeiture in accordance with Title 18, United States Code, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offense.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

9

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))


A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2011R01432
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

## EASTERN District of NEW YORK

### CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

*NAQUAN REYES,*

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(2)(A), 982(a)(2)(B), 1028(a)(7), 1028(b)(1)(D), 1028(b)(3)(B), 1028(b)(5), 1028(c)(3)(A), 1028A(a)(1), 1028A(b), 1028A(c)(5), 1344, 1349, 1512(a)(1)(C), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____ *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____ *Clerk*

*Bail, $* _____

*Elizabeth Geddes, Assistant U.S. Attorney (718) 254-6430*